[ DELASSUS v. ROUMAGE et al., Executors.

Where, subsequently to an act of sale of lands, the parties declare in a separate act that the real consideration of the sale was a debt due by the vendor to the vendee, and stipulate that the vendor shall be allowed to sell any part of the lands the sale of which may be approved by an agent of the creditor, and that the creditor shall reconvey to the debtor any lands that it may not be necessary to sell in order to pay the debt, and the creditor dies: *Held*, that no action will lie against the executors of the deceased to compel them to appoint an agent by whom the sale of the lands may be approved ; that they have no authority to dispose of the property of the deceased at private sale, such an act not being one of administration ; and that the heirs of the deceased are the proper persons with whom to contest the propriety of appointing such an agent.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Delavigne*, for the appellant. *Eyma* and *Pitot*, for the defendants. The judgment of the court was pronounced by

KING, J. *Delassus*, by an act passed in 1843, conveyed all his lands in the State of Missouri to *Macarty*. The consideration expressed in the deed was $40,000. On the 10th February, 1846, a second transfer of the same lands was made to *Macarty* by a more definite description of the tracts, and of the titles under which they were held. On the 1st May, 1846, a third act was executed between the parties, in which it was declared, that the real consideration of the sale was an indebtedness of $126,794 69 with interest, due by *Delassus* to *Macarty*, for which sum a judgment by confession was rendered in favor of *Macarty*. *Macarty* stipulates in this last act, if the amount of the judgment should be paid to him by the partial sale of the lands or otherwise, to

<small>DELASSUS<br>v.<br>ROUMAGE.</small>

reconvey to *Delassus* such of the lands as should not have been sold to satisfy his judgment. *Delassus* was to be permitted to go to Missouri, for the purpose of effecting such sales of the lands as should be approved by *Macarty's* agent in that State. *Macarty*, however, reserved to himself the right of selling any part of the lands, not under the market price, on such terms and conditions as he thought fit, for the purpose of paying his judgment, binding himself to reconvey the residue only, if any should remain. After *Macarty's* death, *Delassus* presented a petition to the District Court, in which he avers that, he is ready to proceed to the State of Missouri, for the purpose of effecting sales of the lands in accordance with the stipulations of the act between himself and the deceased; and that he has called upon the executors to appoint an agent in Missouri, to approve of such sales, but that the executors declined naming an agent. He concludes with a prayer that the executors be ordered to appoint an agent, to carry into effect the purposes of the act. The executors assumed that they were without authority, either by the will or by law, to appoint an agent for the purpose of disposing of property of the deceased by private sale. They prayed that the plaintiff's demand should be dismissed; but, if the court considered that an agent ought to be appointed, they asked that the heirs of the deceased should be made parties to the proceeding. The heirs were accordingly cited through their representatives. The tutor of the minor heirs made no specific objection to the application, but submitted the question to the decision of the court. The other heir opposed the application, and averred that the right of selling the lands resided in the heirs alone, who were not bound to consult the plaintiff in relation to such sales. The cause was tried as between the plaintiff and the executors alone. The district judge dismissed the suit as against the executors, and ordered it to proceed against the heirs; and from this judgment the plaintiff has appealed. In our opinion there is no error in the judgment appealed from. The executors were clearly without authority to appoint an agent to dispose of property of the deceased at private sale. The act which the executors are called on to perform, is not one of administration. The proper parties with whom to contest the propriety of appointing such an agent, are now before the court; as between them and the plaintiff the action is still pending. We do not consider the question before us, as to the right of the plaintiff to maintain his action against the heirs.

*Judgment affirmed.*